OPINION
The defendant-appellant, Samantha Byerly ("appellant"), appeals the sentence imposed by the Hancock County Court of Common Pleas.
For the following reasons, we affirm the sentence of the trial court.
The Hancock County Grand Jury handed down two separate indictments against the appellant. The first indictment charged the appellant with six offenses and the second with three. On March 31, 1999, the appellant entered pleas of Not Guilty and Not Guilty by Reason of Insanity to all nine charges.
On June 7, 1999, pursuant to a plea negotiation with the State, the appellant withdrew her prior pleas and entered pleas consistent with the plea agreement set forth below.
Indictment Number 1
 Count One: Complicity to Attempted Murder
— Plea of Guilty — State recommended 10 yrs.
 Count Two: Complicity to Rape, with specification
— In return for guilty plea, State dismissed specification and recommended 10 yrs.
 Count Three: Complicity to Rape, with specification
— Dismissed
 Count Four: Complicity to Felonious Assault
— Dismissed
 Count Five: Complicity to Kidnapping — Plea of Guilty, State recommended 10 yrs.
 Count Six: Felonious Assault — Plea of Guilty, State recommended 4 yrs.
 State further recommended that the sentences for Counts Two and Five should be served concurrently with one another, but consecutive to Counts One and Six, for a total period of incarceration of 24 years.
 Indictment No. 2
 Count One: Complicity to Kidnapping with firearm specification — In return for plea of guilty, State dismissed the specification and recommended 3 yrs.
 Count Two: Complicity to Felonious Assault with firearm specification — In return for plea of guilty, State dismissed the specification and recommended 2 yrs.
 Count Three: Felonious Assault — Plea of Guilty, State recommended 2 yrs.
 The State further recommended that these sentences be served concurrently with each other and concurrently with the sentence imposed under Indictment No. 1.
Before these pleas were entered, the trial court inquired of both the appellant and her counsel as to their understanding of the proposed agreement. They both agreed that the prosecutor had accurately set forth the agreement reached between the two parties. The trial court specifically inquired of the appellant to ensure that her plea was being made knowingly, voluntarily, and intelligently. At various points during the hearing, the appellant indicated that she fully understood the agreement and that ir was her intention to enter into this agreement.
The trial court accepted the appellant's guilty pleas and at her request, proceeded directly to sentencing. The trial court ratified the agreement, which was jointly recommended by the parties, and imposed a total prison term of twenty-four years.
The appellant now appeals this sentence, asserting two assignments of error.
 Assignment of Error No. 1 The trial court erred in sentencing appellant to the maximum allowable prison term when it failed to make the requisite findings pursuant to Ohio Revised Code 2929.14(C).
 Assignment of Error No. 2 The trial court erred in imposing consecutive sentences when it failed to make the requisite findings pursuant to R.C. 2929.14(E)(4)(a)-(c).
Both of the appellant's assignments of error challenge the sentence imposed upon her. However, R.C. 2953.08(D) provides that when a sentence is authorized by law and jointly recommended by the defendant and the prosecution in the case, the sentence is not subject to review if it is imposed by the sentencing judge. Statev. Street (Sept. 30, 1998), Hancock App. No. 5-98-9, unreported, see, also, State v. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported; State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA 11-1524, unreported; and State v. Griffin
(July 24, 1998), Hamilton App. Nos. C-970507 C-970527, unreported.
The parties negotiated the plea agreement set out above and agreed that the appellant would be sentenced to an aggregate of twenty-four years. The State advised the trial court of the plea agreement and the agreed sentences. The defense agreed that the prosecutor had accurately set forth the agreement reached between the parties. Thus, the appellant and the State jointly recommended the agreement and the trial court accepted it and imposed the recommended sentences. Accordingly, if the appellant's prison term is "authorized by law," she has no right to challenge that negotiated sentence. R.C. 2958.08(D). In Statev. Bristow (Jan. 29, 1999), Crawford App. No. 3-98-21, unreported, this Court held "that a jointly recommended sentence is authorized by law and not subject to appellate review if the prison term imposed does not exceed the maximum term prescribed by statute for such offense." See, also, State v. Street (Sept. 30, 1998), Hancock App. No. 5-98-09, unreported.
Complicity to attempted murder, complicity to rape, and complicity to kidnapping are each felonies of the first degree and provide for imprisonment for a definite term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). Felonious assault, and complicity to felonious assault, R.C.2923.03(A)(2), are felonies of the second degree and provide for a definite term of imprisonment of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2).
After accepting the appellant's guilty pleas, the trial court sentenced the appellant to a ten-year term for complicity to attempted murder, a four-year term for felonious assault and concurrent ten-year terms for both the complicity to rape and complicity to kidnapping, which were to be served consecutive to the first two sentences. The trial court also sentenced the appellant to a three-year term for the complicity to kidnapping, and two-year terms for the complicity to felonious assault and felonious assault charged in the second indictment. These terms were ordered to be served concurrently with the other sentence. The appellant was sentenced to an aggregate total of twenty-four years.
Each sentence fits within the statutory provisions and is therefore authorized by law. Thus, because the sentences were authorized by law and the appellant and the State jointly recommended the sentences received by the appellant, R.C.2953.08(D) provides that the sentences are not subject to review. Accordingly, the appellant's first and second assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed
 BRYANT, P.J., and WALTERS, J., concur.